UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6220-CR-DIMITROULEAS/SNOW

UNITED STATES OF AMERICA

v.

VICTOR POWELL,

    Defendant.
_____/

**GOVERNMENT'S RESPONSE TO
THE STANDING DISCOVERY ORDER**

The United States hereby files this response to the Standing Discovery Order. This response also complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16, and is numbered to correspond with Local Rule 88.10.

    A.    1.    The government is unaware of any written or recorded statements made by the defendant.

            2.    The defendant did not make an oral or written statement before or after arrest in response to interrogation by any person then known to the defendant to be a government agent. The defendant made oral statements when asked about his identity. A summary of those statements is attached.

            3.    The defendant did not testify before the Grand Jury.

            4.    The NCIC record of the defendant is attached.

            5.    Books, papers, documents, photographs, tangible objects, buildings or places which the government intends to use as evidence at trial to prove its case in chief, or were obtained or belonging to the defendant may be inspected at a mutually convenient time at the Office of the United States Attorney, 500 E. Broward Blvd., Fort Lauderdale, Florida, Suite 700. Please call the undersigned to set up a date and time that is convenient to both parties.

                The attachments to this discovery response are not necessarily copies of all

                the books, papers, documents, etc., that the government may intend to introduce at trial.

       6.     There were no physical or mental examinations or scientific tests or experiments made in connection with this case.

B.     DEMAND FOR RECIPROCAL DISCOVERY: The United States requests the disclosure and production of materials enumerated as items 1, 2 and 3 of Section B of the Standing Discovery Order. This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C.     The government will disclose any information or material which may be favorable on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976).

D.     The government will disclose any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of Giglio v. United States, 405 U.S. 150 (1972), or Napue v. Illinois, 360 U.S. 264 (1959).

E.     The government does not expect to call as a witness any alleged co-conspirator, accomplice or informant.

F.     The defendant was not identified in a lineup, show up, photo spread or similar identification proceedings.

G.     The government has advised its agents and officers involved in this case to preserve all rough notes.

H.     The government will timely advise the defendant of its intent, if any, to introduce during its case in chief proof of evidence pursuant to F.R.E. 404(b). You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise (including the inextricably-intertwined doctrine). At this time, the government does not expect to offer such evidence.

I.     The defendant is not an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any electronic surveillance.

J.     The government has ordered transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this cause.

  K.  The government does not know of any automobile, vessel, or aircraft allegedly used in the commission of this offense that is in the government's possession.

  L.  The government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial.

  M.  The government will seek written stipulations to agreed facts in this case, to be signed by the defendant and defense counsel.

      The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, <u>Brady</u>, <u>Giglio</u>, <u>Napue</u>, and the obligation to assure a fair trial.

                                               Respectfully submitted,

                                               R. ALEXANDER ACOSTA
                                               UNITED STATES ATTORNEY

                              By:   <u>s/Terrence J. Thompson</u>
                                  TERRENCE J. THOMPSON
                                  Assistant United States Attorney
                                  Court No. A5500063
                                  500 E. Broward Blvd., Suite 700
                                  Fort Lauderdale , Florida 33396
                                  Tel: (954) 356-7255 ext. 3557
                                  Fax: (954) 356-7336

INVENTORY ITEMS DISCLOSED ON JANUARY 4, 2007:  U.S. v. VICTOR POWELL

The following items were provided to counsel for the defendant in open court on January 4, 2007.

Diplomatic Security report dated 08/02/00 in Case # P-2000-02745 (8 pages)

Miami Passport Agency Case Diary (5 pages)

Department of Motor Vehicle Records regarding defendant (9 pages

Department of Motor Vehicle Records regarding defendant (11 pages)

Indictment and related documents (12 pages)

Wanted poster (1 page)

Booking photographs and fingerprints cad (2 pages)

Detainer and rights advisement (4 pages)

FHP forfeiture checklist (1 page)

FHP reports (7 pages)

Defendant's criminal history (3 pages)

Department of Motor Vehicle information (11 pages)

Photographs (10 pages)

Property receipt (2 pages)

FHP contraband seizure report (12 pages)

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was delivered via mail this 23rd day of January 2007 to David A. Howard, Esq., 44 West Flagler Street, Suite 675, Mimi, FL 33130-6801.

s/ Terrence J. Thompson
TERRENCE J. THOMPSON
ASSISTANT U.S. ATTORNEY
